

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:TAW  *271 Cadman Plaza East*
F. #2017R00198  *Brooklyn, New York 11201*

May 25, 2017

By ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Alejandro Luna
              Criminal Docket No. 17-120 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in advance of the defendant Alejandro Luna's sentencing, which is scheduled for June 2, 2017 at 11:00 a.m. For the reasons set forth below, the government respectfully requests that the Court impose a sentence within the applicable United States Sentencing Guidelines range ("Guidelines") of 15-21 months' imprisonment.

I.     Facts

      On October 12, 2006, the defendant was convicted of attempted robbery in the second degree in Kings County Supreme Court and was sentenced to two years' imprisonment, followed by three years of probation. (Presentence Investigation Report ("PSR") ¶ 2). According to the arrest report, the defendant, along with others, entered a woman's home with a gun and robbed her. (Id. ¶ 18.) As a result of this conviction, the defendant, a citizen of Mexico, was deported from the United States on December 26, 2007. (Id. ¶ 2.)

      On January 10, 2017, the New York Police Department arrested the defendant in Brooklyn, New York for failure to comply with a posted sign in a park. (Id. ¶ 3.) The defendant was subsequently released. On February 8, 2017, Immigration and Customs Enforcement agents arrested the defendant at his residence in Brooklyn, New York. (Id. ¶ 3.)

      On March 20, 2017, the defendant pleaded guilty before Your Honor to Count One of the above-captioned indictment, charging illegal reentry into the United States, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2). (Id. ¶ 1.)

As set forth in the PSR, the total offense level under the Guidelines for this conduct is 13, and, because the defendant falls within Criminal History Category II, the applicable range of imprisonment is 15–21 months. (PSR ¶ 42.)

II. Analysis

The government respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing. See 18 U.S.C. § 3553(a). In this case, that is a sentence within the applicable Guidelines range of 15 to 21 months' imprisonment.

Although the defendant agrees with the Guidelines calculation set forth in the PSR, the defendant nevertheless asks the Court to downwardly vary from the applicable guidelines and impose a sentence of time-served. (Def. Ltr. 1.) In support, the defendant contends that "a bureaucratic oversight led him to be charged in this Court." (Id. at 2.) In fact, the defendant's underlying criminal conduct is what led him to be charged in this Court. The defendant was previously deported from the United States subsequent to his October 12, 2006 conviction for attempted robbery in the second degree, a felony offense. According to the 2006 arrest report, the defendant, along with other apprehended individuals, entered a woman's home and robbed her at gunpoint. (PSR ¶ 18.) Despite knowing that he was not permitted to reenter the United States, the defendant did so illegally. It is for this conduct that a Guidelines sentence is warranted.

III. Conclusion

For the foregoing reasons, the government asks the Court to impose a sentence within the Guidelines range of 15 to 21 months.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:     /s/ Temidayo Aganga-Williams
Temidayo Aganga-Williams
Assistant U.S. Attorney
(718) 254-6183

cc: Len Kamdang, Esq. (counsel to defendant) (by ECF)
U.S.P.O. Jennifer E. Baumann (by E-mail)